## Davis *v.* McGrath.

An accepted order for the delivery of goods, requires a consideration to make it binding on the drawer before a delivery, pursuant to the order without notice.

And in an action for goods sold, such an order having been pleaded as a set off by the payee, the drawer is a competent witness to prove it was given without consideration.

In error from the Common Pleas of Philadelphia.

*March* 16.   Assumpsit for goods sold, one of the items of plaintiff's account being a coat for $40.   Plea, that after the making of the promise, defendant delivered an order drawn by one Morris, requesting plaintiff to make defendant a coat, price $40, and charge it to Morris, which was accepted by plaintiff, and this amount exceeded the balance due, and which defendant offered to set off.   On the trial, the plaintiff proved the sale of the goods, and defendant proved the order and acceptance, stated in his plea. Plaintiff then called Morris, who proved the order was given on an intended bet on an election, the terms of which had never been settled, nor the agreement by the defendant to give a similar order ever complied with.

The admission of the evidence, and the instruction that the order could not be set off, were assigned for error.

*F. E. Brewster*, for plaintiff in error, contended that Morris was

interested, and that the defendant was not liable for the goods sold under such circumstances, unless on a special count. The sale, pursuant to the order, if that was voidable, would require a special count, for it was a sale on the credit of Morris, and not of defendant.

*March* 26. BELL, J.—Did the case, as we have it, turn upon the question whether a coat had been furnished by the plaintiffs to the defendant, in pursuance of the order, and afterwards charged to the latter as a subsisting debt, the witness would, certainly, have been incompetent to impeach the order. In that event he would have been directly interested in defeating it as a means of dis-. charging the defendant, since the success of the latter must have placed the witness in the relation of debtor to the plaintiffs, for the price of the article ordered, by force of his special undertaking, upon the face of the paper itself. Nor would there have been any countervailing and balancing interest, for Morris could not be made liable to the defendant, simply as drawer of the order, by a failure of the latter to establish it as an item of credit against, or as payment of the plaintiff's claim. Not being a bill of exchange, the liabilities that attach upon parties to commercial instruments were out of the question. The idea of commercial exchange has never been applied to property other than money. It does not embrace orders, or notes payable in goods or produce. Consequently, upon such paper *per se*, commercial usage has not rendered the drawer or endorser liable, and he cannot be sued upon it. The holder is, therefore, thrown back upon the general law of contracts, and to establish an obligation on the drawer, must show a special undertaking, with its necessary incident of consideration. It follows that to make Morris answerable to the defendant, on failure of the plaintiffs to furnish the coat, it would be necessary to show a contract to that effect, founded upon a sufficient consideration: Lawrence *v.* Dougherty, 5 Yerger, 435. Of this there was no averment.

But the order was not introduced in connexion with any proof that the coat in question had been furnished in discharge of the acceptance, nor at all, as evidence of prior satisfaction, so far as the defendant was concerned. No connexion, whatever, was shown between the plaintiffs' bill furnished and the order, except that in the former there is a charge for a coat at $40. But this was more than a year after the acceptance, and so far as appears, was furnished on the credit of the defendant, and not of Morris, whose order still remained in possession of the defendant. Yet, had the

defendant pleaded the general issue, or any other averment amounting to an allegation of payment, perhaps the order, with the acceptance endorsed, must have gone to the jury upon a question of fact, whether any part of the claim sued for was furnished in discharge of the plaintiff's acceptance.   In that case, as I have said, the witness would not have stood indifferent.   But the defendant's sole plea was a special set-off of the order as an accepted instrument, and under this plea alone it was given to the jury. There was no proffer of it as a payment,—no allegation, by direct proof or plea, that the plaintiffs' promise to furnish the coat had been fulfilled.   The shape in which it was presented by the defendant himself, as set-off, indicates clearly his estimate of it, as an outstanding obligation.   How then did the parties stand when the witness was called to testify?   Not as holder and acceptor of a bill of exchange, which, being a draft upon a fund presumed to be in the hands of the drawee, always imports a consideration sufficient to support the contract springing from the simple acceptance of negotiable paper.   The defendant was merely the holder of an order for goods to be manufactured, which the drawees had agreed to honour.   But this agreement did not, of itself, show a consideration; and there was no proof of one distinct from it.   It was not even averred the drawees had in their hands property belonging to the drawer, on the foot of which they had undertaken, or that they were, in any manner, indebted to him; nor will the law presume this, as it will in the case of negotiable instruments.   Indeed, it is obvious the acceptance was merely for the accommodation of Morris, or, at least, solely on his credit.   At all events, we must so accept the transaction in the absence of adverse proof.   If so, it was *nudum pactum*.   Nothing is clearer than that such an acceptance cannot be enforced by suit.   The acceptor of a property order, as it has sometimes been called, can only be made liable upon his special undertaking, of which, to be sure, as in the case of bills of exchange, his acceptance may be regarded as proof, but like other contracts, it requires a consideration, and unlike bills and notes proper, this must be shown independently of the mere fact of acceptance.   The acceptance may be received as tending to show a contract, but it will not, *proprio vigore*, make one.   It requires assistance *aliunde:* Stark. Ev. part 2d; Atkinson *v.* Manks, 1 Cow. 707; Maber *v.* Massias, 2 Bl. R. 1072.   As, then, the contest stood when Morris was called, the defence was a failure. The defendant had not established a legal obligation on the part of the plaintiffs which could be made the subject of a set-off.   So far

as this transaction was involved, the parties stood in the relation of strangers to each other. The plaintiffs were not liable to the defendant, and had done nothing that could, in law, make Morris answerable over to them. As illustrative of the ground he occupied, the argument may be thus stated: His alleged interest arose from the promise of the plaintiffs to furnish to the defendant a thing of value, for which, *when furnished,* Morris agreed to pay. But the plaintiffs' promise was utterly void. They had a perfect right to repudiate it, and have done so. Therefore, the obligation of payment which Morris, in a certain event, agreed to assume, never arose, and now, never can. Nothing that he could testify would influence his liability, for there was none to be affected by his testimony, unless, indeed, he should swear to charge the plaintiffs, and then he would swear against his interest. In the aspect the contest actually presented, though seemingly interested, he had, in truth, no stake at issue. In fact, he was introduced merely to combat a shadow; for the claim of set-off he was called to disprove, was entirely without substance. The judgment, therefore, might well be affirmed, on the ground that if incompetent, his testimony did the defendant no harm. But this very position shows the witness stood indifferent.

To prevent misapprehension, it is, perhaps, well enough to repeat, that had the general issue been pleaded and some evidence given connecting the delivery of one of the coats charged in the plaintiffs' bill, with the acceptance of the order, the question would have been presented under a different aspect. Although this position was taken here, if we may judge from the pleading, proofs, and charge, it was not presented below. Indeed, we do not perceive how it could have been so assumed, for there the whole defence was left to rest on the simple acceptance, without more.

These views dispose of the objections made against the sufficiency of the declaration to cover the plaintiffs' case, and to their books, as instruments of proof.

Judgment affirmed.